IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, individually as a remainder beneficiary of and derivatively on behalf of the Richard I. Swendsen Trust,<br><br>      Plaintiff,<br><br>    v.<br><br>RICHARD I. COREY, trustee of the Richard I. Swendsen Trust, and CLAYNE I. COREY, an individual in possession of assets of the Richard I. Swendsen Trust and accountant and attorney to the Trust and trustee,<br><br>      Defendants. | Case No. CV-09-229-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Richard Corey's Motion (Docket No. 6) to Dismiss or Transfer Venue, to which Defendant Clayne Corey joins (Docket No. 12). The Motion has been fully briefed and is at issue. For the reasons expressed below, the Court denies the Motion.

## BACKGROUND

Plaintiff Sean Swendsen is a remainder beneficiary of the Richard I.

**Memorandum Decision &Order -- page 1**

Swendsen Trust.  Richard Swendsen, Sean Swendsen's grandfather, was grantor and trustee of the Swendsen Trust.  A 1995 Amendment to the Trust named Richard Swendsen's nephew, Defendant Richard Corey, as successor trustee.  Richard Corey became trustee upon Richard Swendsen's death on October 13, 1997.  Sean Swendsen filed this lawsuit on May 14, 2009 for, among other things, breach of trust and fiduciary duty, to require an accounting, and for the removal of Richard Corey as trustee.  Sean Swendsen alleges that Richard Corey improperly loaned funds from the Swendsen Trust to Richard Corey's son, co-Defendant Clayne Corey.

Defendants Richard Corey and Clayne Corey now bring this Motion (Docket Nos. 6 and 12) arguing that the Court lacks personal and subject matter jurisdiction over Defendants, or in the alternative, that the Court should transfer venue to Utah.

## ANALYSIS

### A.     Personal Jurisdiction

In a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of proving jurisdiction is appropriate.  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where there is no applicable federal statute governing personal jurisdiction, as in this case, the law of the state in which the district court sits applies.  *Boschetto*, 539 F.3d at 1015.  The Idaho

Supreme Court has determined that Idaho's long-arm statute (Idaho Code § 5-514) allows a broader application of personal jurisdiction than permitted under the Due Process Clause of the United States Constitution. *See Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997); *Saint Alphonsus v. State of Washington*, 852 P.2d 491 (Idaho 1993). Thus the Court need only address whether exercising personal jurisdiction comports with due process.

The Court's exercise of personal jurisdiction is consistent with federal due process only if the defendant "has certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). The relevant inquiry in this case is whether Defendants' minimum contacts with Idaho warrant the Court's exercise of specific, rather than general, jurisdiction over him. *See Yahoo! Inc.*, 433 F.3d at 1205.

The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) the defendant must perform an act or consummate a transaction such that he "purposefully avails himself of the privilege of conducting activities in the forum;" (2) the claim must relate to or arise out of the defendant's activities in the

forum; and (3) the court's exercise of jurisdiction must be reasonable. *See Yahoo! Inc.*, 433 F.3d at 1205-06; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

In this case, Defendant Richard Corey took over as trustee of the Swendsen Trust, established in Idaho by Dick Swendsen. Defendant Richard Corey does not dispute that Dick Swendsen resided in Idaho at all times preceding his death in October 1997. Neither does Richard Corey challenge that all five trustees of the Swendsen Trust resided in Idaho when Richard Corey took over as trustee. Given these agreed facts, the Court finds that Richard Corey purposefully availed himself of the privilege of conducting activities in Idaho.

Defendant Clayne Corey knowingly accepted funds from an Idaho trust when he entered into a loan agreement with trustee Richard Corey. Clayne Corey acknowledges that he traveled to Idaho for a meeting with trust beneficiaries about his loans. *Reply to Plaintiff's Response* (Docket No. 18) at 3-4. In light of these facts, the Court finds that Clayne Corey consummated a transaction by which he purposefully availed himself of the privilege of conducting activities in Idaho.

Plaintiffs' claims in this case concern the Swendsen Trust, and Richard Corey's alleged breach of fiduciary duty to that trust. Although Richard Corey acted as trustee while residing in Utah, Plaintiffs point out that Richard Corey

traveled to Idaho at least three times, acting in his role as trustee. *See Response to Motion* (Docket No. 9) at 12-13. According to Plaintiffs, Richard Corey traveled to Idaho in 2004 specifically to meet with trust beneficiaries Beth and Mike Swendsen about loans made by Richard Corey to Defendant Clayne Corey, using funds from the Swendsen Trust. Richard Corey does not dispute this assertion, which touches directly upon Plaintiffs' allegations that Richard Corey breached his duty to the Swendsen Trust. The facts sufficiently establish that Plaintiffs' claims arise out of, or are related to, Richard Corey's activities in Idaho.

Where the first two prongs for specific jurisdiction are met, the burden shifts to the defendant "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). To determine the reasonableness of exercising jurisdiction over a defendant, the court balances the following factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken*, 503 F.3d at 1060 (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)).

The first factor is largely coextensive with the Court's analysis of purposeful availment discussed above. This factor weighs in favor of Plaintiffs.

The second factor addresses the burden to Defendant in traveling to Idaho to defend himself. The courts recognize that "advances in transportation and telecommunications and the increasing interstate practice of law" have lessened the burden on defendants of defending against lawsuits from afar. *Id.* Given the relatively short distance between the Defendants' residences in northern Utah and the Court's divisional office in eastern Idaho, the Court is not persuaded that Defendant would bear an unreasonable burden in having to defend in this forum. This factor is considered neutral to the parties.

Defendant acknowledges there is no conflict with the sovereignty of Utah. Also, Idaho has a substantial and compelling interest in providing means of redress for trust beneficiaries who reside in Idaho and claim that a trustee has breached his fiduciary responsibilities. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652 (1950)(each state has a firmly rooted interest in providing means to close trusts under the supervision of its courts). These factors weigh in favor of Plaintiffs.

In evaluating "the most efficient resolution" factor, the Ninth Circuit has "looked primarily at where the witnesses and the evidence are likely to be located." *CoreVent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). Defendant contends that its relevant documents and witnesses are located in Utah, and that Plaintiff's witnesses have little relevant testimony to offer so as to justify jurisdiction in Idaho. Plaintiff counters that five beneficiaries who reside in Idaho have relevant information. As both parties have identified evidence in their respective jurisdictions, this factor is considered neutral.

Plaintiff resides in Idaho, and presumably filed its action in Idaho, at least in part, for convenience. The sixth factor favors Plaintiff.

Plaintiff bears the burden of proving the unavailability of an alternative forum. *CoreVent Corp.*, 11 F.3d at 1490. Plaintiff here has not shown that jurisdiction in Utah is unavailable. Thus, this factor favors Defendant.

Weighing all seven factors, the Court concludes that Defendant Richard Corey has not met his burden of showing that the exercise of jurisdiction would be unreasonable. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998)(finding that defendant failed to present a compelling case that exercise of jurisdiction in the forum state was unreasonable, even though some factors weighed in defendant's favor).

B.  **Subject Matter Jurisdiction**

In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001)(citation omitted). As noted by Plaintiff, the Court's subject matter jurisdiction in this case is based on diversity of citizenship. Plaintiff filed this action in the United States District Court under 28 U.S.C. § 1332(a)(1), asserting that the matter in controversy exceeds the requisite sum and is between citizens of different States; these points are not disputed. Defendants fail to articulate a valid legal basis supporting dismissal under Rule 12(b)(1). The motion to dismiss for lack of subject matter jurisdiction is therefore denied.

C.  **Venue**

In his Complaint (Docket No. 1), Plaintiff asserts that venue is proper in Idaho under 28 U.S. C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Idaho. Even where venue is proper, a court may transfer a civil action to another district "for the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). On a motion to transfer venue, the court considers:

> (1) the location where relevant agreements were negotiated and executed, (2) the state that is most

**Memorandum Decision &Order -- page 8**

> familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Whether transfer of venue is appropriate is at the discretion of the district court, on a "case-by-case consideration of convenience and fairness." *Id.* at 498, *citing Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988). The defendant bears a strong burden of demonstrating inconvenience, to justify transferring venue from plaintiff's chosen forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Defendants contend that the relevant agreements in this case are the loan contracts between Defendants Richard and Clayne Corey, both residents of Utah. Plaintiff argues that the lawsuit centers on Richard Corey's duty as trustee of the Swendsen Trust. The allegations in Plaintiff's Complaint (Docket No. 1) support Plaintiff's position. The focus of the case appears to hinge on the Defendants' acts of lending and borrowing, respectively, funds from the Swendsen Trust, whether or not the loan contract between Defendants was breached. Because the Swendsen Trust, naming Richard Corey as trustee, was executed in Idaho, the first factor

**Memorandum Decision &Order -- page 9**

favors Plaintiff.

Idaho, Plaintiff's chosen forum, is most familiar with Idaho's Trust laws. The third factor favors Plaintiff. Defendant notes that Idaho Trust law is based on the Uniform Probate Code, as is Utah's probate laws, thus a Utah federal court would be equally familiar with the applicable law in this case. The Court finds that the second factor weighs only slightly in favor of Plaintiff.

Plaintiff's contacts, including those pertaining to Plaintiff's cause of action, are mostly in Idaho, while Defendants' contacts are mostly in Utah. The fourth and factor appears to be evenly split, and the fifth factor favors Plaintiff.

Defendant has failed to make a persuasive argument regarding the disparate cost of litigation in Idaho over Utah, or the availability of compulsory process, except to state in conclusory fashion that they support transferring venue. The Court is unconvinced that the location of evidence in Utah, or otherwise outside of Idaho, so restrains access to sources of proof as to justify a change of venue.

On consideration of the above factors, as well as the convenience and fairness to parties, the Court finds that transfer of venue from Plaintiff's chosen forum is not warranted.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss or Transfer Venue (Docket Nos. 6 and 12) shall be, and the same are hereby, DENIED.



DATED: **January 5, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge