IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, individually as a remainder beneficiary of and derivatively on behalf of the Richard I. Swendsen Trust,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD I. COREY, trustee of the Richard I. Swendsen Trust, and CLAYNE I. COREY, an individual in possession of assets of the Richard I. Swendsen Trust and accountant and attorney to the Trust and trustee,<br><br>　　　　Defendants. | Case No.  CV 09-229-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Plaintiffs' Motion (Docket No. 22) to require court approval for Defendant to use trust assets to defend action, and Defendant's Cross-Motion (Docket No. 28) for authorization to use trust assets. The motions are fully briefed and at issue. The Court finds that oral argument would not significantly assist the decision process, therefore the Court will address the motions without a hearing. For the reasons expressed below, the Court will grant Plaintiff's Motion and deny Defendant's Cross-Motion.

## BACKGROUND

**Memorandum Decision & Order - 1**

Plaintiff Sean Swendsen, a remainder beneficiary of the Richard Swendsen Trust, filed this action against trustee Richard Corey for breach of trust and fiduciary duty, to require an accounting, and to remove Richard Corey as trustee. Swendsen alleges that Richard Corey improperly loaned funds from the Swendsen Trust to Richard Corey's son, co-Defendant Clayne Corey. Plaintiff now brings a motion to prohibit Richard Corey from using trust assets in defending this action. Richard Corey brings a cross-motion to allow the use of trust assets for his defense in this action.

## ANALYSIS

The first issue, raised by Plaintiff's motion, is whether the law requires Defendant to obtain court authorization before using Trust assets to defend this action. Defendant argues that court approval is not required, but even if it were, such approval should be granted, as requested in Defendant's cross-motion. The second issue, raised by the Defendant's cross-motion, is whether this Court should allow Defendant to use Trust assets to defend this action.

### A.   Conflict of Interest and Need For Court Approval

The 1994 restatement of the Swendsen Trust was signed and entered in Idaho Falls, Idaho, and references the Idaho Uniform Trustee's Powers Act, Idaho Code §§ 68-101 et seq., with respect to the trustee's powers. *Attachment to*

**Memorandum Decision & Order - 2**

*Complaint* (Docket No. 1) at 37. Under that Act, except in limited circumstances, a trustee must obtain court authorization to exercise a trustee power where there is a conflict of interest between duty to the trust and individual interest. I.C. § 68-108(b).

Regarding fiduciary duty and conflict of interest, the Idaho courts have said, "[f]idelity in the agent is what is aimed at, and as a means of securing it the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal." *Edwards v. Edwards*, 122 Idaho 963, 969, 842 P.2d 299 (Idaho App. 1992), *quoting Jensen v. Sidney Stevens Implement Co.*, 36 Idaho 348, 353, 210 P. 1003 (1922). Where a conflict of interest exists, "even if a trustee's actions are reasonable and prudent, . . . the court must authorize the action before the trustee can exercise that power." *Taylor v. Maile*, 201 P.3d 1282 (Idaho 2009).

Defendant first argues that there is no conflict of interest here. The Court disagrees. Plaintiff is suing Defendant for breach of Trust and fiduciary duty. Plaintiff's requested relief includes Defendant's removal as trustee, and recovery of Trust assets allegedly displaced as a result of the breach. A verdict against Defendant could require Defendant to reimburse funds to the Trust, thus Defendant's individual interest in defending this action inherently invites disregard

**Memorandum Decision & Order - 3**

for the interests of the Trust.

Alternatively, Defendant argues that, even if the Court finds there is conflict, his defense of this lawsuit is an exercise of power excepted from the need for court approval. The limited exceptions to the need for court approval include a trustee's exercise of the power "to employ persons, including attorneys . . . to advise or assist the trustee in the performance of his administrative duties . . .." I.C. § 68-106(c)(24). Defendant argues that his defense of this action is an administrative duty as contemplated in that subsection. To support this contention he relies on *In re Alford Trust*, 897 N.E.2d 946 (Ind. Ct. App. 2001). Defendant misreads the holding in that case.

In *Alford*, the court held that it lacked subject matter jurisdiction because, under the applicable statute, the proper court to hear any action involving a trust was the "principal place of the trust's administration, not where the beneficiaries reside." *Id.* at 950. While the court in *Alford* determined that the remedies sought implicated the administration of a trust, *id.*, such finding was not a determination that defense of the action in court was merely administrative in nature.

Plaintiff argues that the power to employ an attorney in these circumstances fits more appropriately under subsection (25). Subsection (25) – not excepted from the need for court authorization – identifies a trustee's power "to prosecute or

**Memorandum Decision & Order - 4**

defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of his duties." I.C. § 68-106(c)(25). The Court finds that the circumstances here fit squarely under subsection (25). Defendant's use of Trust funds to defend this action would be an exercise of power to "defend [an] action[] . . . for the protection of [himself] in the performance of his duties" as trustee. I.C. § 68-106(c)(25).

In light of the conflict of interest, the Court finds that Defendant is required to seek court authorization to defend this action using Trust assets under § 68-108(b). Accordingly, Plaintiff's motion is granted. Defendant's Cross-Motion (Docket No. 28) satisfies the requirement that Defendant seek court approval. The remaining question is whether approval should be granted.

**B.     Request For Authorization to Use Trust Assets**

Defendant argues that the Court should authorize him to expend Trust assets in defending this action because his conduct as trustee has been prudent and in keeping with his fiduciary duties. Whether Defendant acted prudently and in accordance with fiduciary duties is an issue for a jury to resolve at trial; it is not an issue for the Court to determine, as a basis for allowing the use of Trust assets before or during trial.

Defendant also asserts a policy argument: denial of his cross-motion could

**Memorandum Decision & Order - 5**

have a chilling effect on trustees' administration of Idaho trusts. Such a ruling, Defendant argues, would suggest that trustees must personally fund a defense of beneficiary lawsuits regarding any trustee conduct. Defendant's concern casts too wide a net. This lawsuit specifically challenges trustee conduct alleged to be in conflict with the Trust's interest, and in breach of the trustee's fiduciary duty. Denial of this cross-motion may encourage trustees to be cautious in taking action perceived as breaching a trustee's fiduciary duty. But such a result is consistent with Idaho case law addressing trusts. See Edwards, 122 Idaho 963; Jensen, 36 Idaho 348.

Neither party here has cited any legal authority definitively addressing the right of a trustee to defend an action using trust assets. Courts have held that trustees are entitled to be reimbursed for legal fees incurred in successfully defending against claims by beneficiaries. Stepp v. Foster, 259 Va. 210, 524 S.E.2d 866 (2000); Wells Fargo Bank v. Superior Court, 22 Cal.4th 201, 990 P.2d 591 (2000).[1] However, a trustee found to have breached his fiduciary duty, or to be indebted to the trust, is not entitled to costs or expenses of his defense. Ellis v. King, 336 Ill.App. 298, 307, 83 N.E.2d 367 (Ill.App. 2 Dist. 1949); Ralston v.

---

[1] The Act provides that it "shall be construed to effectuate its general purpose to make uniform the law of those states which enact it." I.C. § 68-112. Accordingly, the Court looks to other states enacting similar statutes, and case law applying those statutes.

**Memorandum Decision & Order - 6**

*Easter*, 43 App.D.C. 513, 521-22 (C.A.D.C. 1915); *In re Howell*, 215 N.Y. 466, 109 N.E. 572 (1915). As noted by Plaintiff, if a verdict is ultimately rendered in favor of Defendant, the Court may consider a properly filed motion for attorney fees. Defendant has provided no basis for granting his request at this time. Defendant's Cross-Motion is therefore denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion (Docket No. 22) regarding use of trust funds is GRANTED.

IT IS FURTHER HEREBY ORDERED that Defendant's Cross- Motion (Docket No. 28) for authorization to use trust assets is DENIED.

DATED: **April 6, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge