UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, individually as a remainder beneficiary of and derivatively on behalf of the Richard I. Swendsen Trust,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD I. COREY, trustee of the Richard I. Swendsen Trust, and CLAYNE I. COREY, an individual in possession of assets of the Richard I. Swendsen Trust and accountant and attorney to the Trust and trustee,<br><br>Defendants. | Case No. 4:09-CV-229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Motion (Docket No. 38) to Dismiss Counts II and III of the Complaint. The motion is fully briefed and at issue. The Court finds that oral argument would not significantly assist the decisional process, therefore the Court will consider the motion without a hearing. For the reasons expressed below, the Court will deny Defendant's Motion.

## BACKGROUND

Plaintiff Sean Swendsen is a remainder beneficiary of the Richard I. Swendsen

Trust. Richard Swendsen, Sean Swendsen's grandfather, was grantor and trustee of the Swendsen Trust as restated in May 1994. Richard Swendsen's nephew, Defendant Richard Corey, became successor trustee upon Richard Swendsen's death on October 13, 1997. Plaintiff filed this lawsuit on May 14, 2009 for, among other things, breach of trust and fiduciary duty, to require an accounting, and for the removal of Richard Corey as trustee. Plaintiff alleges that Richard Corey improperly loaned funds from the Trust to Richard Corey's son, co-Defendant Clayne Corey.[1]

Under the terms of the Trust, beneficiary Beth Swendsen (Richard Swendsen's wife) is to receive $150,000 from the Trust principal, set aside in a separate account, "as the trustee deems necessary for [Beth Swendsen's] proper support, care, maintenance and health . . . for as long as she shall live." (Complaint, Docket No. 1, ¶¶ 8, 28.) In addition, Beth has a life interest in income from the Trust, until her death. (*Id.*, ¶¶ 7, 26.) Also under the Trust, Plaintiff's father, Mike Swendsen, has a contingent beneficial interest in 75% of remaining Trust assets, if Mike survives Beth; in such event, Plaintiff is to share the other 25% of Trust assets with Richard Swendsen's other grandchildren. (*Id.*, ¶¶ 30, 32.) If instead, Beth survives Mike, then upon Beth's death, Plaintiff would share 100% of the remaining Trust assets with Richard Swendsen's other grandchildren. (*Id.*, ¶ 33.)

According to Plaintiff, Defendant Richard Corey loaned $234,138.12 to Clayne

---

[1] On July 1, 2010, this Court granted Plaintiff's motion for leave to amend his Complaint, to include three additional counts regarding breach of fiduciary duty.

**MEMORANDUM DECISION AND ORDER - 2**

Corey on December 31, 2000, at 7% interest. (*Id.*, ¶ 54.) On December 31, 2003, having received no payments on the loan on behalf of the Trust, Richard Corey renegotiated the loan with Clayne in a new amount of $287,823.02; the terms of the new loan gave a 15% discount to Clayne if he payed the Trust back by December 1, 2008. (*Id.*, ¶ 56.) Plaintiff further alleges that Richard Corey agreed to subordinate the security given to the Trust, to allow Clayne to borrow from another source. (*Id.*, ¶ 60.)

On December 31, 2002, Richard Corey loaned $228,053.97 from the Trust to Clayne I. Corey & Associates, L.C. and Corey and Lund, LC., at 5% interest. (*Id.*, ¶ 63.) On December 31, 2003, having received no payments on this loan on behalf of the Trust, Richard Corey renegotiated this loan in a new amount of $244,017.75; like the terms of the loan to Clayne, this new loan to Clayne's business entities provided for a 15% discount if the business entities paid the Trust back by December 1, 2008. (*Id.*, ¶ 68.)

## STANDARD OF LAW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

**MEMORANDUM DECISION AND ORDER - 3**

"state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underly *Twombly*. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 4**

# ANALYSIS

Defendant here contends that Plaintiff has failed to state claims on which relief can be granted in Counts II and III of the Complaint – for breaches of trust and fiduciary duty, respectively. As a contingent beneficiary, Plaintiff has an interest in Trust assets only if assets remain upon the death of the life-beneficiary, Beth Swendsen. Defendant asserts that Plaintiff cannot, therefore, establish damages with sufficient certainty, and is precluded from claiming relief. In support of his argument, Defendant cites to *Christensen Family Trust v. Christensen*, 993 P.2d 1197, 1201 (Idaho 1999). In *Christensen*, the co-plaintiffs – children of the life-beneficiaries – had a contingent interest in the trust corpus, if assets remained upon the death of their parents and after $100,000 was distributed to a separate trust. *Id.* The court in that case held that the co-plaintiffs were not real parties in interest because they had "a mere expectancy," and were not "entitled to the benefits of a successful suit." *Id.* (citations omitted).

Plaintiff here distinguishes *Christensen*, and the Court agrees. In *Christensen*, the life-beneficiaries could exhaust the trust corpus throughout their lives under the terms of the trust. *Id.* In this case, the Trust provides that the life-beneficiary, Beth, is to receive all Trust income, but is limited to receiving the $150,000 in Trust principal, set aside in a separate account under the 1995 Trust Amendment. (Exhibit B, Docket No. 1 at 43.) Unlike in *Christensen*, the Trust here does not permit Beth to exhaust the Trust assets to which Plaintiff has an interest. Plaintiff and the other grandchildren of Richard Swendsen

will, upon Beth's death, receive equal shares of either 25% or 100%[2] of Trust principal – separate from the principal allocated to Beth. (Exhibit B, Docket No. 1 at 43.) According to the Complaint, it is from this separate Trust principal that Defendant Richard Corey made loans to Defendant Clayne.

In 2005, the Idaho Supreme Court considered a case in which residual beneficiaries sued the trust's attorney for breach of fiduciary duty. *Taylor v. Maile*, 127 P.3d 156 (Idaho 2005). In that case, the trust designated income beneficiaries to receive only income from the trust during their lifetimes, and residual beneficiaries to receive the remaining trust corpus. *Id.* The court in *Taylor* found that the residual beneficiaries suffered an actionable loss where they established that trust property was sold significantly below fair market value. *Id.* at 161. The residual beneficiaries, the court reasoned, were "substantially interested in the subject matter and . . . entitled to the benefits of the action, if successful." *Id.*

Plaintiff's case here is similar. If Defendant breached his fiduciary duties in administering the Trust as alleged in the Complaint, Plaintiff would suffer a loss. Plaintiff is substantially interested in the subject matter and would, if successful, be entitled to the benefits of this action. The Court thus rejects Defendant's argument that Plaintiff, as a residual beneficiary, cannot show he has suffered damages.

Defendant also argues that Plaintiff has failed to identify injury and resulting damages with sufficient specificity, citing to *Pietz v. Toledo Trust Co.*, 577 N.E.2d 1118,

---

[2] *See* Background section, *supra* at 2.

**MEMORANDUM DECISION AND ORDER - 6**

1122 (Ohio Ct. App. 1989). In that case the plaintiff-appellants' interest in the trust was contingent on the death of the life-beneficiary. *Id.* As in *Christensen*, the plaintiff-appellants in *Pietz* had no guaranteed interest in the trust because the life-beneficiary could, under the trust's terms, exhaust the trust assets before her death. *Id.* Although Plaintiff here cannot now identify the precise amount of his remainder interest, he has sufficiently demonstrated that he has an interest. The amount of that interest is directly affected by the administration of the Trust. A trustee cannot hide behind the uncertainties of his actions in administering a trust, to avoid accountability for alleged improprieties in the execution of his duties as trustee.

In his Reply, Defendant contends that Plaintiff cites to information that is outside the pleadings or that the Court should otherwise disregard in considering this motion. (Reply, Docket No. 46 at 3.) In ruling on this motion, the Court has considered only the Complaint and exhibits attached thereto. Defendants' concern is therefore moot.

Finally, Defendant argues that Plaintiff's claims are not ripe because Plaintiff is "legally incapable of suffering damages during the lifetime of Beth Swendsen and as long as the subject loans are outstanding." (Reply, Docket No. 46 at 5.) In support, Defendant cites only to an unpublished decision,[3] *In re Johannes*, 2008 WL 1801333 (Wa. Ct. App. 2008). As in *Christensen* and *Pietz*, the residual beneficiaries in *Johannes* had an interest that was "subject to depletion by the expenses and other liabilities" incurred by the life-

---

[3]Under RCWA 2.06.040, unpublished decisions by the Washington Court of Appeals have been determined not to have precedential value as an opinion of the court.

**MEMORANDUM DECISION AND ORDER - 7**

beneficiary through his life.  *Id.* at *11.  Here, as in *Taylor*, the allegations in the Complaint adequately support that Plaintiff has an interest protected from the expenses and liabilities of the life-beneficiary.  Although Plaintiff will receive no distribution from the Trust until the life-beneficiary dies, Plaintiff still has an interest.  As stated above, that interest can be nurtured or damaged throughout the life of the life-beneficiary.  Thus, damages are not contingent on the death of the life-beneficiary.

Defendant's argument that Plaintiff's claims are not ripe until the subject loans are due also fails.  In Counts II and III, at issue in this motion, Plaintiff does not allege that Clayne has defaulted on the subject loans, which are apparently due in 2013 and 2018.  Rather, Plaintiff claims that Richard Corey breached his fiduciary duties by entering the loan agreements with Clayne at all.  If Plaintiff can establish that Richard Corey's execution of the loan agreements was in breach of his fiduciary duties, he need not wait for the loans to become due and in default before pursuing an action.  Accepting allegations in the Complaint as true, Plaintiff has stated a plausible claim to relief in Counts II and III.

## ORDER

For the foregoing reasons, **IT IS ORDERED THAT:**

Defendant's Motion to Dismiss Counts II and III for failure to state a claim on which relief can be granted (Docket No. 38) is DENIED.



DATED: **July 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 9**