UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, individually as a remainder beneficiary of and derivatively on behalf of the Richard I. Swendsen Trust,<br><br>               Plaintiff,<br>    v.<br><br>RICHARD I. COREY, trustee of the Richard I. Swendsen Trust; and CLAYNE I. COREY, an individual in possession of assets of the Richard I. Swendsen Trust and account and attorney to the Trust and Trustee,<br><br>               Defendants. | Case No. 4:09-cv-00229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Before the Court is Defendant Clayne Corey's Motion for Partial Summary Judgment (Dkt. 73). The Court previously granted that motion with regard to the

MEMORANDUM DECISION AND ORDER - 1

Plaintiffs' legal malpractice claims against Clayne Corey, but invited further briefing on the issue of Corey's duty to the trust. *Mem. Dec. & Order*, Dkt. 90. Having considered the parties' briefing and being familiar with the record, the Court will deny Defendant's Motion (Dkt. 73), as more fully expressed below.

## BACKGROUND

Plaintiff Sean Swendsen brings this action against Richard Corey, trustee of the Richard Swendsen Trust, and against Clayne Corey, Richard Corey's son. Plaintiff is the nephew of Richard Swendsen, and a remainder beneficiary of the Richard Swendsen Trust. Plaintiff alleges breach of trust and wrongful dissipation of trust assets. *Am. Compl.*, Dkt. 50. In its Memorandum Decision and Order on Clayne Corey's Motion for Partial Summary Judgment (Dkt. 90), this Court dismissed Count VIII against Clayne Corey, alleging professional malpractice, and invited counsel to submit additional briefing addressing whether Clayne Corey owed a duty of care to Plaintiff concerning the remaining claims against him. The Court now addresses the parties' briefing on this issue.

## LEGAL STANDARD

Summary judgment is "not a disfavored procedural shortcut," but the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). This shifts the burden to the non-moving party who must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Anderson*, 477 U.S. at 255. However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (citation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

The following counts against Clayne Corey remain in this action: (V) knowingly taking advantage of a breach of fiduciary duty by Richard Corey; (VI) acquisition of trust property with knowledge of a potential breach of trust by or conflict of interest on the

part of trustee Richard Corey; and (VII) trespass on trust property and constructive trust. *Am. Compl.*, Dkt. 50.  In its Memorandum Decision and Order (Dkt. 90), this Court noted that in Idaho, liability under the law of torts requires that the one from whom relief is sought "owed a duty to the allegedly injured party." *Jones v. Starnes*, 245 P.3d 1009, 1012 (Idaho 2011) (citation omitted).  While this duty of care can include the duty of any person, under general negligence principles, "in the conduct of his or her business . . . to exercise ordinary care to prevent unreasonable, foreseeable risks of harm to others," *Id*. (citing *Turpen v. Granieri*, 985 P.2d 669, 672 (Idaho 1999)), it can also extend to other types of duties.  In this regard, the duty owed by a third party to a trust takes on more of the flavor of an intentional tort, since a third party, with notice "that the trustee is committing a breach of trust and participates therein[,] is liable to the beneficiary for any loss caused by the breach of trust."  *Id.* at 164 (citing Rest. 2d Trusts § 326 (1969)).

   The Idaho Supreme Court addressed a claim – like the claims asserted here – for knowingly taking advantage of a breach of fiduciary duty, in *Taylor v. Maile*, 127 P.3d 156, 162 (Idaho 2005).  In that case, the defendant – who was both attorney and realtor to the trust and trustees – had purchased trust property, allegedly far below fair market value.  *Id.*  The plaintiffs – trust beneficiaries – asserted that the defendant had "[acquired] trust property with knowledge of a potential breach of trust by, or conflict of interest on the part of, the trustees." *Id.* at 162.  The court in *Taylor* found that plaintiffs adequately alleged that the third party to the trust – the defendant in that case – knew all

the facts supporting a breach, by virtue of his position as attorney and realtor for the trust. *Taylor,* 127 P.3d at 164.

Courts in other jurisdictions have similarly found that beneficiaries have the right to sue a third party where the beneficiary has interests adverse to, or has been damaged due to breach by, the trustee. *See Anderson v. Dean Witter Reynolds, Inc.*, 841 P.2d 742, 745 (Utah Ct. App. 1992); *Alioto v. U.S.*, 593 F.Supp. 1402, 1412 (N.D. Cal. 1984); *Booth v. Security Mut. Life Ins. Co.*, 155 F.Supp. 755, 761 (D.N.J. 1957); *Hoyle v. Dickinson,* 746 P.2d 18, 20 (Ariz. Ct. App. 1987).

Although the Court indicated that the existence of a legal duty in this setting was a question of law, Clayne Corey has not suggested that the duty described in *Taylor* does not apply to the allegations here. Rather, he argues that the consequences of his conduct were not reasonably foreseeable because of his medical condition during the relevant time period. However, that does not address the existence or non-existence of a duty owed to the Swendsen trust. Nor does it establish the non-existence of disputed issues of material fact.

The Court concludes that the duty described in the *Taylor* decision applies to Clayne Corey's conduct, and that Plaintiff has come forward with sufficient evidence in the record that genuine issues of material fact remain regarding Clayne Corey's knowledge of a potential breach of trust affecting Plaintiff. Accordingly, Clayne Corey's motion for summary judgment as to Counts V, VI, and VII will be denied.

## ORDER

**IT IS ORDERED THAT** Defendant Clayne Corey's Motion for Partial Summary Judgment (Dkt. 73), with respect to the outstanding issues, is **DENIED**.

DATED: September 16, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court