UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, Individually as a Remainder Beneficiary of and derivatively on behalf of the Richard I. Swendsen Trust,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD I. COREY, Trustee of the Richard I. Swendsen Trust; and CLAYNE I. COREY, an Individual in possession of assets of the Richard I. Swendsen Trust and accountant and attorney to the Trust and trustee,<br><br>　　　　　　　Defendants. | Case No. 4:09-cv-00229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Amend the Answer of Richard I. Corey to Plaintiff's Amended Complaint (Dkt. 119) and Defendant Richard Corey's Motion in Limine Re: Plaintiff's Expert Russell Johnson (Dkt. 120).

**MEMORANDUM DECISION AND ORDER - 1**

## ANALYSIS

**1.     Motion to Amend**

Plaintiff filed his original Complaint in this case on May 14, 2009. The Court granted Plaintiff leave to file an Amended Complaint on July 1, 2010. The Court also extended the discovery cutoff, dispositive motion deadline, and expert disclosure deadlines in light of the Amended Complaint. No trial date had been set at that time. The Court then extended deadlines again pursuant to a stipulation by the parties. The case progressed with dispositive motions and mediation, but the case was not resolved. On October 5, 2011, the Court set the case for trial to commence on February 27, 2012. With the agreement of counsel, the Court moved the trial up three days to February 24, 2012. Now, approximately one month before trial, Defendant Richard Corey asks to amend his Answer to add additional affirmative defenses.

As the Court noted when it addressed Plaintiff's motion to amend his complaint, Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). However, the district court has discretion in deciding whether to grant leave to amend, taking into consideration whether there has been "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . ., [and] futility of amendment." *Id.*, (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice is the most important factor to consider in this analysis. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)(citation omitted). In

**MEMORANDUM DECISION AND ORDER - 2**

*Jackson*, the Ninth Circuit found undue prejudice where proposed amendments added claims that raised new legal theories. Id. at 1388.

Moreover, although not explicitly stated in the Court's earlier order, the Court must also consider the good cause standard under Rule 16(b)(4) when an amendment requires extension of deadlines in a Case Management Order. It is worth noting that when the Court addressed Swendsen's motion to amend the Complaint, no trial date had been set, and the case was in a posture where extending those deadlines could be done without delaying the trial or causing prejudice to either party.

Defendant Richard Corey now wants to amend his Answer to add three affirmative defenses: (1) Richard Corey is not liable based on release, waiver, estoppel, prevention of performance, accord and satisfaction, acquiescence, ratification, approval, and consent; (2) Swendsen's claims are barred by the statue of limitations; and (3) Swendsen lacks standing. *Proposed Amended Answer*, pp.33-34, Dkt. 121-3. The defenses are asserted respectively as the tenth, eleventh and twelfth affirmative defenses of the proposed Amended Answer. *Id.*

Richard Corey asserts that the tenth affirmative defense (more accurately a set of affirmative defenses listed under one heading) is warranted because Swendsen and former co-defendant Clayne Corey recently settled Swendsen's claims against Clayne Corey by stipulation. Richard Corey states that "to the extent that the Stipulation has now released Clayne I. Corey from any liability, and fully resolves all issues as between Plaintiff and Defendant Clayne I. Corey, it raises defenses that Defendant Richard Corey requests

leave to amend his Answer to assert as affirmative defenses as to that event: release, waiver, estoppel, accord and satisfaction, acquiescence, ratification, approval and consent." *Memorandum Supporting Defendnat Richard Corey's Motion to Amend*, p.4, Dkt. 119-1. Richard Corey makes a somewhat generic statement that because Swendsen settled duplicitous claims against Clayne Corey, "new issues subject to defenses not previously pleaded" are present. *Id*.

Without more explanation, the Court cannot understand why the settlement between Clayne Corey and Swendsen raises new issues subject to the defenses asserted in the tenth affirmative defense. The Court does not understand why Richard Corey could not have asserted the defenses of release, waiver, estoppel, accord and satisfaction, acquiescence, ratification, approval and consent before Swendsen settled his claims against Clayne Corey. He gives no legal authority as to why settlement with a co-defendant creates these affirmative defenses. Thus, Richard Corey has not met the Rule 16(b) requirement. The amendment of pleadings deadline expired a long time ago. A tardy motion to amend must satisfy the more stringent "good cause" showing required under Rule 16 before subjecting the motion to the limited constraints for leave to amend under Rule 15(a). *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Settlement of co-defendant Clayne Corey's claims is not good cause.

Moreover, Swendsen and his counsel would be prejudiced at this point by being required to investigate these new defenses instead of preparing for trial in the few weeks left before trial. Thus, the Rule 15(a) standard is not met either.

Richard Corey also has not met his burden with respect to the eleventh affirmative defense – the statute of limitations. He states that the issue is not new to the case, noting that the Court earlier denied Defendant Clayne Corey's motion for partial summary judgment, leaving the statute of limitations issue for the jury. (Dkt. 90). He explains that he joined in that motion for partial summary judgment, so Swendsen cannot claim surprise or prejudice at this point.

In response to Clayne Corey's motion for summary judgment, Richard Corey filed a one-paragraph document stating that he joined the arguments asserted by Clayne Corey "to the extent they apply to all the claims against Richard Corey." *Richard I. Corey's Joinder*, p.1, Dkt. 76. With respect to the statute of limitations argument, the parties and the Court addressed its application to Clayne Corey's claims, not Richard Corey's claims. Richard Corey does not explain why the arguments would be the same. Moreover, Richard Corey suggests that Swendsen asserted the claims in a way to avoid application of the statute of limitations to the other beneficiaries. If that is true, Richard Corey should have asserted the statute of limitations affirmative defense when the Amended Complaint was filed over a year and a half ago, or at the very least when he "joined" in Clayne Corey's motion for summary judgment. Again, Swendsen and his counsel cannot be required to scramble to ascertain the facts surrounding a statute of limitations defense on the claims against Richard Corey just weeks before trial. Thus, neither Rule 16(b) nor Rule 15(a) are satisfied.

Finally, Richard Corey seeks to add lack of standing as an affirmative defense. His

MEMORANDUM DECISION AND ORDER - 5

proposed Amended Answer simply states that Plaintiff lacks standing as his twelfth affirmative defense. Then, in his motion, he notes that standing may be raised at any time, and that standing "looks to see if the party seeking the court's jurisdiction has alleged a personal stake in the outcome of the controversy by showing an actionable distinct and palpable injury to himself." *Memorandum Supporting Defendnat Richard Corey's Motion to Amend*, p.6, Dkt. 119-1. In his reply brief, Richard Corey states that Swendsen indicated he is not seeking recovery for any claim except his own. *Reply Brief Supporting Defendnat Richard Corey's Motion to Amend*, p.10, Dkt. 134.

"[S]tanding jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement; and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Based on the limited information in Richard Corey's briefs, the Court understands that he wants to amend his Answer to include an affirmative defense based on prudential standing. Although prudential standing has not been exhaustively defined, it does encompass the general prohibition on a litigant's raising another person's legal rights. *Id*.

Although other circuits have held otherwise, the Ninth Circuit has held that prudential standing can be deemed waived if not raised in the district court. *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). But, the Ninth circuit noted that the choice whether to reach the question lies within the Court's discretion. *Id*. Thus, a

MEMORANDUM DECISION AND ORDER - 6

circuit court may cite a party's failure to invoke prudential standing as a reason for refusing to invoke it on its own, but such failure does not bar the circuit court's examination of the matter. *Id*. Therefore, the circuit court may raise an unpreserved prudential-standing question on its own, but unlike questions of Article III constitutional standing, it is not required to do so. *Id*.

Under the circumstances of this case, although Richard Corey's attempt to add the prudential standing defense is somewhat late in the game, given its quasi-judicial status, and the fact that the Ninth Circuit would likely address it on appeal anyway, the Court finds that it is prudent to allow the amendment. Plaintiffs are always aware that they must have standing, so Swendsen will not be prejudiced by the amendment. Accordingly, the Court will grant the motion with respect to the request to add the lack of standing affirmative defense.

1. **Motion in Limine Re: Plaintiff's Expert Russell Johnson**

Richard Corey asks the Court to exclude the testimony of Swendsen's expert, Russell Johnson. Corey makes two general arguments: (1) the expert report fails to provide the basis for Johnson's opinion; and (2) undisclosed exhibits must be precluded regardless of his testimony. Alternatively, Corey asks for a continuance of the trial until Johnson supplies him with a proper report.

The well-known standard for admitting expert testimony was first enunciated in *Daubert* and its progeny, but is now set forth in Rule 702 of the Federal Rules of Evidence. Rule 702 establishes several requirements for permitting expert opinion. First,

MEMORANDUM DECISION AND ORDER - 7

the evidence offered by the expert must assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*, 598 F.3d 558, 563 (9th cir. 2010); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Id.* at 564 (Internal quotations and citation omitted).

Additionally, the witness must be sufficiently qualified to render the opinion. *Id.* If specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The inquiry is a flexible one. *Primiano*, 598 F.3d at 564. Ultimately, a trial court must "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* (Internal quotation and citation omitted). In determining whether expert testimony is reliable and relevant, the Court must determine "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Boyd v. City and County of San Francisco*, 576 F.3d 938, 945 (9th Cir. 2009) (Internal citation omitted). Many factors may bear on this inquiry, but the most common include: (1) whether the expert's theory or technique can and has been tested; (2) whether the expert's

MEMORANDUM DECISION AND ORDER - 8

theory or technique has been subjected to peer review and publication; (3) any known or potential rate of error for the theory or technique; and (4) the general degree of acceptance for the expert's theory or technique in the relevant scientific community. *Id*.

The problem for Johnson is that he did not apply any theory or technique. Or if he did, he did not disclose them. Thus, there is no way to determine whether his theories or techniques have been tested, peer reviewed, accepted in the relevant community, or whether there is a potential rate of error. Each of Johnson's fourteen conclusions essentially states that Richard Corey acted under a conflict of interest and/or not as a reasonably prudent man. He then explains why he thinks Corey acted this way. For example, he states that Corey acted under a conflict of interest and/or not as a reasonably prudent man because he "did not pay a commercially viable rate of interest to the Swendsen Trust on the money to himself," or because he "ma[d]e loans that were not adequately secured," or because he "caused the Swendsen Trust to lend money to himself." *Johnson Expert Report*, Dkt. 121-1, Ex. A.

However, Johnson does not provide any methodology or principles such as an industry standard or formula explaining why making inadequately secured loans or causing the Swendsen Trust to lend money to himself were imprudent moves. Such acts may be imprudent, but Johnson's testimony will do nothing to help the jury make that determination. Expert testimony is not helpful – and therefore inadmissible – where it simply instructs the jury as to what result the jury should reach. *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1059-60 (9th Cir.2008). An

**MEMORANDUM DECISION AND ORDER - 9**

expert's testimony must represent "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. The party offering the expert must demonstrate "objective, independent validation of the expert's methodology." *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (Daubert II), 43 F.3d 1311, 1316 (9th Cir.1995). Johnson's testimony falls far short of these requirements.

Moreover, Johnson's report does not fulfill all the requirements of Rule 26(a)(2)(B). Among other things, the report must include a complete statement of all opinions the witness will express and the basis and reasons for them, plus any exhibits that will be used to summarize or support them. Although Johnson lists a number of documents he considered in forming his opinion, as explained above, he does not give his basis or reason for reaching his conclusions. Additionally, he notes that exhibits will be prepared, but no exhibits are attached, and the deadline for providing a complete report has long passed. Accordingly, Johnson will be excluded as an expert witness altogether.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Amend the Answer of Richard I. Corey to Plaintiff's Amended Complaint (Dkt. 119) is **GRANTED IN PART** and **DENIED IN PART**. It is denied with respect to the request to add the affirmative defense of release, waiver, estoppel, prevention of performance, accord and satisfaction, acquiescence, ratification, approval, and the affirmative defense of statue of limitations. It is granted with respect to the request to

add the lack of standing affirmative defense.

2. Defendant Richard Corey's Motion in Limine Re: Plaintiff's Expert Russell Johnson (Dkt. 120) is **GRANTED**.



DATED: **February 13, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**