UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, Individually as a Remainder Beneficiary of and Derivatively on behalf of the Richard I. Swendsen Trust,<br><br>                    Plaintiff,<br><br>        v.<br><br>RICHARD I. COREY, Trustee of the Richard I. Swendsen Trust; and CLAYNE I. COREY, an Individual in possession of assets of the Richard I. Swendsen Trust and accountant and attorney to the Trust and Trustee,<br><br>                    Defendant. | Case No. 4:09-cv-229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion in Limine Objecting to Designated Expert Witness Mark Anderson (Dkt. 99). The motion is fully briefed and at issue. For the reasons expressed below, the Court will DENY the Motion in Limine.

## LEGAL STANDARD

Whether and to what extent Mark Anderson may testify at trial is addressed under the well-known standard first enunciated in *Daubert* and its progeny, but now set forth in Rule 702 of the Federal Rules of Evidence. Rule 702 establishes several requirements for

permitting expert opinion. First, the evidence offered by the expert must assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Id*. at 564 (internal quotations and citations omitted).

Additionally, the witness must be sufficiently qualified to render the opinion. *Id*. at 563. If specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The inquiry is a flexible one. *Primiano*, 598 F.3d at 564. Ultimately, a trial court must "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. (internal quotation and citation omitted). In determining whether expert testimony is reliable and relevant, the Court must determine "whether the reasoning or methodology underlying the testimony is scientifically valid and ... whether that reasoning or methodology properly can be applied to the facts in issue." *Boyd v. City and County of San Francisco*, 576 F.3d 938, 945 (9th Cir. 2009) (internal citation omitted). Finally, a review of the case law after *Daubert* reveals that exclusion of expert

MEMORANDUM DECISION AND ORDER - 2

testimony is the exception rather than the rule. Fed. R. Evid. 702, Adv. Comm. Notes (2000).

## ANALYSIS

Sean Swendsen asks the Court to exclude the testimony of Richard Corey's expert, Mark Anderson. Swendsen argues that: (1) Anderson's conclusions are unreliable; (2) his opinions are not relevant; and (3) he is unqualified to offer such opinions. *Pl.'s Br.* at 3-7, Dkt. 99.

In making his first argument, Plaintiff maintains that Anderson's conclusions are unreliable because his report does not utilize Plaintiff's suggested analysis of Richard Corey's loan and investment decisions. *Id.* at 3. Specifically, Plaintiff faults him for not applying the "higher standard of a prudent man standard," and for failing to provide data on "investment alternatives." *Id.* Anderson's report, however, reveals a thorough analysis of the aforementioned loans and investment decisions. *See Anderson Expert Report* ¶ 9, Dkt. 99-1. His report lists eight objective criteria he used in evaluating the reasonableness of each loan and investment decision. These factors include sufficiency of note documentation, collateral, subordination, payment period, frequency of payments, balloon payments, default provisions, and stated interest rate for loan. *Id.* He then analyzes each loan and investment decision using the listed criteria and draws a conclusion based on this analysis. *Id.* at ¶¶ 10-27. Where peer review and publication are absent, an expert "must explain precisely how they went about reaching their conclusion and point to some objective source." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*

(Daubert II), 43 F.3d 1311, 1319 (9th Cir. 1995).  Here, the Court recognizes Anderson's transparent criteria and systematic analysis as a reliable method.  While the Plaintiff disagrees with the conclusions proffered in Anderson's report, these disagreements go to the weight to be accorded to Anderson's testimony, not its admissibility.

Swendsen also argues that this case is focused on the "prudence" of Richard Corey's investments during his time as trustee, so Anderson's market valuation analysis is irrelevant.  *Pl.'s Reply* at 2 (Dkt. 104).  It seems logical, however, that an investor would undertake a market valuation analysis in determining the "prudence" of an investment.  Thus, Anderson's analysis of the loan and investment decisions are relevant to the current controversy.  The Court finds Anderson's opinions relevant to the current controversy and again notes that Plaintiff's argument goes to the weight of Anderson's opinion.

Swendsen ultimately argues that Anderson is simply unqualified to offer an expert opinion.  *Pl.'s Br.* at 6, Dkt. 99.  Plaintiff's claim that Anderson "is not trained and he does not have experience as an investment professional, nor a commercial lender," is contradicted by the credentials listed in Anderson's curriculum vitae.  *Id.*  Anderson holds a master's degree in accounting and has worked with more than 280 clients throughout his career concerning business valuation, forensic accounting, and economic loss consulting.  *Anderson Expert Report*, Attach. 1, Dkt. 99-1.  His credentials suggest he has extensive experience with investments and lending.  *Id.*  Anderson's specialized knowledge, education, and experience in the investment field all qualify him to provide an expert opinion as stated in his report.  Because an expert may be qualified "by

MEMORANDUM DECISION AND ORDER - 4

knowledge, skill, experience, training, or education," the Court is satisfied that Anderson is qualified to testify.  Fed. R. Evid. 702.

Finally, the section of Anderson's report addressing Plaintiff's proposed expert witness, Russell Johnson, is no longer relevant because Johnson will not be allowed to testify at trial.  *See* Dkt. 135; *see also Anderson Expert Report* ¶¶ 28-30, Dkt. 99-1.  Accordingly, Anderson will not be allowed to opine on Russell Johnson's report.

For all of the reasons stated above, the Court finds that Anderson meets the admissibility standards of Rule 702.  Swendsen can properly address his perceived deficiencies of Anderson's opinion through "[v]igourous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."  *Daubert*, 509 U.S. at 596.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine Objecting to Designated Expert Witness Mark Anderson (Dkt. 99) is **DENIED**.

DATED:  **February 16, 2012**



Honorable B. Lynn Winmill
Chief U. S. District Judge