UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, Individually as a Remainder Beneficiary of and Derivatively on behalf of the Richard I. Swendsen Trust,<br><br>     Plaintiff,<br><br> v.<br><br>RICHARD I. COREY, Trustee of the Richard I. Swendsen Trust; and CLAYNE I. COREY, an Individual in possession of assets of the Richard I. Swendsen Trust and accountant and attorney to the Trust and Trustee,<br><br>     Defendant. | Case No. 4:09-cv-229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Richard Corey's Motion to Dismiss For Lack of Standing (Dkt. 137) pursuant to Federal Rule of Civil Procedure 12(b). The motion is fully briefed and at issue. For the reasons expressed below, the Court will GRANT the Motion to Dismiss all claims not personal to Plaintiff Sean Swendsen for lack of standing.

## ANALYSIS

The question before the Court is whether Plaintiff Sean Swendsen has standing to pursue derivative claims on behalf of the Swendsen Trust. *Def.'s Br.* at 1, Dkt. 137-1.

Generally, trust law does not allow beneficiaries to bring a suit on behalf of the trust. *See Glanton ex. rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 n. 2 (9th Cir. 2006) (citing *Restatement (Second) of Trusts* § 214 cmt. b (2011). Specifically, a beneficiary may not sue in the name of the trust because he is not the real party in interest. *See Orr v. U.S.*, 358 F.3d 1137, 1148 (9th Cir. 2004) (internal citation omitted). There is an exception to the general rule, however. In situations where a trustee "cannot or will not enforce a valid cause of action that the trustee ought to bring against a third person a trust beneficiary may seek judicial compulsion against the trustee." *Id.* (Citing Rest.2d Trusts, § 282.)[1]

In this case, as Plaintiff stated himself, the issue of trust management now rests in the hands of the current trustee, Norm Reece. *Pl.'s Resp.* at 10 (Dkt. 138). Thus, Mr. Reece can bring an action on behalf of the trust. But "[i]n order to prevent loss of or prejudice to a claim, the beneficiary may bring an action in equity joining the third person and the trustee." *Orr*, 358 F.3d at 1148. Plaintiff cannot simply assert the claim on behalf of the trustee himself. There is no indication in the record, however, that Plaintiff sought judicial compulsion against the current trustee to sue on behalf of the Swendsen Trust. Accordingly, he may not sue on behalf of the Trust "in the shoes" of the current trustee. *See id.* at 1149.

---

[1] Although the Idaho Supreme Court has not had an opportunity to specifically adopt the Rest. 2d Trusts, § 282, its references to the Rest. 2d Trusts in many other areas suggests that it would adopt it if the opportunity arose.

**MEMORANDUM DECISION AND ORDER - 2**

For all the reasons stated above, the Court finds that Plaintiff does not have standing to bring a derivative suit on behalf of the Swendsen Trust against Richard Corey. Plaintiff may only maintain a suit on his own behalf.

## ORDER

**IT IS ORDERED:**

1. Defendant Richard Corey's Motion to Dismiss All Claims Not Personal to Sean Swendsen for Lack of Standing (Dkt. 137) is **GRANTED**.

DATED:  **February 22, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge