UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN, Individually as a Remainder Beneficiary of and Derivatively on behalf of the Richard I. Swendsen Trust,<br>                Plaintiff,<br><br>    v.<br><br>RICHARD I. COREY, Trustee of the Richard I. Swendsen Trust; and CLAYNE I. COREY, an Individual in possession of assets of the Richard I. Swendsen Trust and accountant and attorney to the Trust and Trustee,<br><br>                Defendant. | Case No. 4:09-cv-229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Plaintiff's Motion for Leave to Join Real Party in Interest (Dkt. 147) pursuant to Federal Rule of Civil Procedure 17(a). The motion is briefed and at issue. For the reasons expressed below, the Court will grant the Motion for Leave to Join.

# ANALYSIS

Plaintiff Sean Swendsen asks the Court to grant leave to join Norman G. Reece Jr, the current trustee of the Richard C. Swendsen Trust, as a real party in interest pursuant to Federal Rule of Civil Procedure 17(a)(3). *Pl.'s Br.* at 1 (Dkt. 147-1). A plaintiff must be

the "real party in interest," possessing the right to sue under the applicable substantive law, in order to pursue a claim. *See U-Haul Intern., Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). If the original plaintiff is not the real party in interest, the defect can be cured through, *inter alia*, joinder within a reasonable amount of time. *Id.*; *see also* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). If the real party in interest is joined, "the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17(a), Adv. Comm.'s Note. In order to properly join a party pursuant to Rule 17(a), the ratifying party is required to: "1) authorize continuation of the action; and 2) agree to be bound by the lawsuit's result." *Mutuelles Unies v. Kroll & Lindstrom*, 957 F.2d 707, 713 (9th Cir. 1992) (internal citation omitted).

On February 13, 2012, eleven days before trial was scheduled to commence, Defendant filed a motion to dismiss all of Plaintiff's non-personal claims for lack of standing (Dkt. 137). On February 22, 2012, two days before trial, the Court granted Defendant's motion to dismiss all non-personal claims because as a beneficiary of the Swendsen Trust, Plaintiff did not have standing to bring a derivative suit on behalf of the

Trust. *Memorandum Decision and Order,* Dkt. 141. The Court determined that the current trustee, Mr. Reece, is responsible for bringing claims behalf of the trust. *Id.* Therefore, Sean Swendsen was not the real party in interest regarding a suit on behalf of the Swendsen Trust.

Considering Plaintiff had approximately 48 hours before trial commenced in which to join Mr. Reece as a real party in interest, the Court considers Plaintiff's motion as timely. *See* Fed. R. Civ. P. 17(a)(3). Under these circumstances, the Court finds that joinder under Rule 17(a) is appropriate. Since the commencement of this suit on May 14, 2009, the case has proceeded as if the Swendsen Trust were suing Richard Corey. Therefore, the substance of the trial will not be materially affected by joinder of Mr. Reece.

Contrary to Defendant's argument, "an understandable mistake has been made" in not joining Mr. Reece sooner. *See Def.'s Resp.* at 6, Dkt. 151 (citing *Goodman v. U.S.*, 298 F.3d 1048, 1053-54 (9th Cir. 2004). When this suit was initially filed, defendant Richard Corey was the trustee of the Trust. Thus, it was understandable for Sean Swendsen to assume he could not join the defendant to sue on behalf of the trust. In addition, he could not join Norm Reece because he was not yet the trustee.

When Mr. Reece became trustee of the Swendsen Trust on September 29, 2010, he should have been joined as a plaintiff at that time. However, the need to do so was not apparent because the Defendant did not raise the issue by a timely motion to dismiss. Indeed, he failed to raise the issue for 16 months, when his newly-retained attorney

recognized that the Plaintiff had a serious problem with regard to his non-personal claims. Because the time for filing dispositive motions had long-since passed, Defendant's counsel had to request leave of the court to file a motion to dismiss. Leave was granted, which led to the filing of the motion to dismiss just eleven days before trial. Thus, the Court cannot accept Defendant's suggestion that Plaintiff delayed joining Mr. Reece for tactical or other improper purposes.

The Court also rejects the contention that Plaintiff cannot meet the good cause standard under Rule 16 for moving to amend the pleadings because that deadline expired over a year ago. Defendant's motion to dismiss was filed well past the deadline for filing dispositive motions, and it was that motion, filed just eleven days before trial, that precipitated the motion to join Mr. Reece. Accordingly, Plaintiff has met his burden under Rule 16.

It is further noted that Mr. Reece made a proper ratification through authorizing continuation of the current action and agreeing to be bound by the lawsuit's result. *Pl.'s Consent and Contingent Ratification*, Dkt. 147-2; *see also Mutuelles Unies*, 957 F.2d at 713. Accordingly, Mr. Reece will be joined as a plaintiff, suing on behalf of the Swendsen Trust.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Join Real Party in Interest (Dkt. 147) is **GRANTED**. The Court will deny Defendant's request to continue the trial.

Trial will commence tomorrow, February 24, 2012 at 9:00 a.m.



DATED:  **February 23, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**