UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN MICHAEL SWENDSEN; and NORMAN G. REECE, JR. in his capacity as trustee of the RICHARD C. SWENDSEN TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD I. COREY, <br><br> Defendant. | Case No. 4:09-cv-229-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Richard Corey's Motion to Amend Pleadings to Conform to Evidence and to Alter or Amend or For New Trial (Dkt. 170), Plaintiffs' Motion for Altering or Amending Judgment on Jury Verdict ($150,000 Additur Request) (Dkt. 175), and Plaintiffs' Motion for Allowance of Attorney Fees (Dkt. 176). The motions are fully briefed. For the reasons expressed below, the Court will (1) deny Defendant's motion to amend the pleadings or for a new trial; (2) deny Plaintiffs' motion to alter or amend the judgment; and (3) grant Plaintiffs' motion for attorney fees.

## PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit in May 2009 alleging breach of trust and fiduciary duty against defendant Richard Corey in his role as trustee of the Richard Swendsen Trust. In

February 2012 a jury found in favor of Plaintiffs on two claims for breach of fiduciary

duty, awarding Plaintiffs $532,776.77 in damages.

## ANALYSIS

**1.      Defendant's Motion to Amend**

One month before trial, Defendant Richard Corey asked the Court for leave to

amend his Answer to add affirmative defenses, including a statute of limitations defense.

*See* Dkt. 135. The Court denied the motion as untimely. (Dkt. 135). Now, Corey wants to

try again. He asks the Court to amend the pleadings to add the statute of limitations

defense pursuant to Federal Rule of Civil Procedure 15(b)(2). In turn, he wants the Court

to amend the Judgment to conform with the amended pleading.

Rule 15(b)(2) provides that "[w]hen an issue not raised by the pleadings is tried by

the parties' express or implied consent, it must be treated in all respects as if raised in the

pleadings." Fed. R. Civ. P. 15(b)(2). Corey argues that evidence on the statute of

limitations defense was raised throughout the course of the trial without objection from

Plaintiffs. That simply is not true.

First of all, the Court made it clear in denying Defendant's pre-trial motion that

the statute of limitations defense could not be asserted at trial. Second, although Plaintiffs

were forced to respond to some statute of limitations arguments during trial because of

Corey's counsel's persistence,  Plaintiffs never consented to trying the issue. Trial is

often a fluid process, where the purpose of counsel's questions is not always clear to the

other party. Plaintiffs' counsel cannot be said to have consented to trying the statute of

limitations issue simply because he may not have consistently objected to a question which was somehow related to the statute of limitations. Plaintiffs' counsel made it clear on the record during trial, and in his filings in opposition to Corey's motion to amend, that Plaintiffs did not consent to trying the statute of limitations issue. Furthermore, when the issue did arise at trial, the Court ruled that even if the statute of limitations was before the Court, it did not apply in this case because it did not begin to run until Corey resigned in late 2010. Under these circumstances, the Court will deny Corey's motion. In turn, the Court will deny his request to alter the judgment.

Finally, the Court will also deny Corey's alternative request for a new trial where he could present the statute of limitations issue. As the Court noted in its earlier decision, Corey should have asserted the statute of limitations defense when the Amended Complaint was filed over a year and a half before trial, or at the very least when he "joined" in Clayne Corey's motion for summary judgment. (Dkt. 135). Corey's failure to timely assert the statute of limitations defense does not justify putting the parties to the expense and delay of retrying this case.

## 2.       Plaintiffs' Motion to Alter Judgment

A judgment notwithstanding the verdict "is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).  "Although the court's ruling on an alternative motion for a new trial involves the exercise of some discretion, a stringent standard applies when the motion is based on

insufficiency of the evidence." *E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997). A motion will be granted on this ground only if the verdict "is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." *Id.*

A jury's verdict must be upheld if it is supported by substantial evidence. *Wallace v City of San Diego*, 479 F.3d 616 (9th Cir. 2007). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Id.* at 624. In making this determination, the Court must not weigh the evidence, but should simply ask whether the party has presented sufficient evidence to support the jury's conclusion. *Id.* While the Court must review the entire evidentiary record, it must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. *Id.*

Although Plaintiffs argued at trial that Corey was unfettered in the exercise of his discretion regarding the use of the $150,000.00 of trust principal to pay Beth Swendsen, the jury acted well within its discretion when it awarded Swendsen the amount they believed was appropriate. Plaintiffs focus their argument on a line of questions posed to Corey by Plaintiffs' counsel during trial, where Corey ultimately admitted that it was not prudent for him not to have gathered certain information necessary to properly administer the trust. *Trial Transcript*, Feb. 27, 2012, p. 37, Dkt. 166. However, the jury was not

asked simply whether Corey acted prudently – or more precisely whether Corey believed he acted prudently.

The jury was instructed about Corey's fiduciary duties, his duty of loyalty, and the prudent investor rule among other instructions. *Jury* Instructions, Dkt. 168. Those instructions asked the jury to weigh many factors, including an instruction that "[c]ompliance with the prudent investor rule is determined in light of the facts and circumstances existing at the time of a trustee's decision or action and not by hindsight." *Jury Instructions*, No. 13, Dkt. 168. The jury could have easily interpreted Corey's testimony to be a hindsight observation of his earlier actions. Although the Court believes the jury could have reasonably found that Corey breached his duty by distributing the $150,000.00 to Beth Swendsen, that is not the standard for deciding a motion for judgment notwithstanding the verdict. The jury's conclusion that Corey did not breach his fiduciary duty in distributing the $150,000.00 to Beth Swendsen was quite reasonable and supported by substantial evidence at trial. Accordingly, the Court will deny the motion.

**3.      Plaintiffs' Motion for Attorney Fees**

Plaintiff also filed a motion for attorney fees.  *See* Dkt. 176.  In "action[s] involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid statute of procedural rule."  *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1990).  Idaho Code 15-8-208, which applies to all proceedings related to judicial

resolution under the Trust and Estate Dispute Resolution Act, provides that the district court may, "in its discretion, order costs, including reasonable attorney's fees, to be awarded to any party." I.C. § 15-8-208 (2012).

The Court finds in its discretion that an award of Plaintiffs' attorney fees is appropriate in this case. Idaho Code § 15-8-208 does not require the award be given only when there is a prevailing party. However, the Court is cognizant that Plaintiffs were successful on two of three claims for breach of fiduciary duty. Most notably, the jury determined that that Richard Corey breached his fiduciary duty regarding the loans he caused the Trust to make to his son, Clayne Corey, which was by all accounts the most serious claim. The jury also found that Richard Corey breached his fiduciary duty regarding principal payments to Beth Swendsen, although the award of damages on that claim was minimal. Under these circumstances, the Court finds that Plaintiffs are entitled to an award of attorney fees.

As for the amount of fees requested, Plaintiffs ask the Court to award them an amount equal to the one-third contingent fee charged by their attorney. Based on the Judgment amount, the fee equals $177,592.26. Plaintiffs also ask for an additional $10,160.00 for hourly fees incurred after trial was concluded.

In support of their motion, Plaintiffs submitted their attorney's affidavit, which includes an invoice listing professional services, the dates when the services were rendered, and the hours and rate for such services. *See* Exhibits (Dkt. 176). The affidavit explains that Plaintiffs' attorney, Jon Simmons, received his J.D. almost 30 years ago,

and received an L.L.M. in tax law more than 25 years ago. *Simmons Aff.*, Dkt. 176-2. He also has extensive experience in trust law, and his hourly rate in this case was between $165.00 and $200.00 per hour for out of court time, and $280.00 for in court time. Based on this Court's experience, these rates are reasonable for the relevant community where this Court sits. *See Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895, 906 (9th Cir. 1995).

A review of the services rendered by Plaintiffs' counsel shows that his services were reasonable. *Simmons Aff.*, Ex. 1, Dkt. 176-4. Considering the factors listed in Idaho Rule of Civil Procedure 54(e)(3), the Court finds that Mr. Simmons was particularly skilled to handle this case, which dealt primarily with trust law. Mr. Simmons' performance at trial and throughout the case demonstrated a clear understanding of Idaho trust law. Moreover, the Court is cognizant that Mr. Simmons represented plaintiffs on a contingency fee basis. Based on the information submitted by counsel, the total amount Mr. Simmons would have charged had the case been billed on an hourly rate was somewhere in the neighborhood of $150,000.00. This is not too far below the $177,592.26 contingency fee being charged. Considering the risk involved in contingency fee cases, the Court finds that the contingency fee amount is reasonable. Finally, none of the additional factors listed in I.R.C.P. 54(e)(3) suggest Mr. Simmons' fee was unreasonable. Accordingly the Court will award Plaintiffs their attorney fees in the amount of $177,592.26.

The Court will not, however, add the additional $10,160 for hourly services rendered after trial.  It is not altogether clear to which post-trial motions the fees apply. Given the Court's denial of Plaintiffs' motion to alter judgment, the fees are inappropriate. Moreover, the Court believes the post-trial fees should simply be considered part of the contingency fee award.

## ORDER

**IT IS ORDERED:**

1.    Defendant's Motion to Amend Pleadings to Conform to Evidence and to Alter or Amend or For New Trial (Dkt. 170) is **DENIED**.

2.    Plaintiff's Motion to Alter Judgment (Dkt. 175) is **DENIED**.

3.    Plaintiff's Motion for Allowance of Attorney Fees (Dkt. 176) is **GRANTED**. Corey shall pay Plaintiffs' attorney fees in the amount of $177,592.26.

DATED: June 6, 2012

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 8**